IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. OVERTON,<br><br>Plaintiff,<br><br>v.<br><br>ASH-EXEC-DIR, et al.,<br><br>Defendants. | No. 2:18-CV-2915-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 7).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff contends he is the owner of a South African gold company named Western Deep Level. Plaintiff alleges Josh Fortenberry stole $2.75 zillion dollars from him and that Fortenberry and Tina Johnson invested the money in the New York Stock Exchange. Plaintiff further alleges that both Fortenberry and Johnson accused Plaintiff of requesting a gun, resulting in what seems to be Plaintiff's incarceration. Plaintiff states these acts violated the Eighth, Fifth, and Fourteenth Amendments, as well as the Glass Seagal and Sherman Anti-Trust Acts.

## II. DISCUSSION

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional. See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328). Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims. See Cato v. United States, 70 F.3d 1103,

1105 n.2 (9th Cir. 1995).

Plaintiff's claims lack merit in both law and fact. The allegations are fanciful. The allegations that two individuals stole $2.75 zillion dollars from a self-proclaimed owner of a South African gold company and subsequently engaged in a series of nefarious activities, including investing said stolen money in the United States Stock Exchange, is fantastic at best. Additionally, there is no legal basis for these claims to proceed—none of the cited constitutional violations are cognizable and none of the federal statutes cited would apply. Thus, this Court recommends the complaint be dismissed with prejudice.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's first amended complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3